IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )        2:21cr181-MHT
                            )             (WO)
ALTWANA JAMAL SAVAGE        )
```

ORDER

Having received the presentence report specified in 18 U.S.C. § 3552(a), the court requires additional information before determining the sentence that should be imposed in this case. In such circumstances, 18 U.S.C. § 3552(b) permits a sentencing court to order a "study of the defendant" by a qualified consultant addressing matters specified by the court that are "pertinent to the factors set forth in section 3553(a)," which in turn describes the factors to be considered in imposing a sentence. 18 U.S.C. § 3552(b); *see also* 18 U.S.C. § 3553(a).

In this case, the court requires additional information about defendant Altwana Jamal Savage's mental condition and mental-health history. This

should be a comprehensive mental-health evaluation addressing all aspects of the defendant's mental condition, including, but not limited to, whether the defendant has any cognitive impairments, whether he has any mental illnesses or substance-abuse disorders, whether he suffered any adverse childhood experiences (ACEs), and whether ACEs contributed to any present mental conditions or behaviors.  In addition, the court specifically requires information regarding his history of domestic violence: whether it is related to any mental-health disorders and/or adverse childhood experiences (ACEs), what triggers him to become violent, and what specific types of treatment, other services, and/or conditions of supervision are recommended to address it and to prevent future incidents of violence.  See generally *United States v. Henderson*, 541 F. Supp. 3d 1312 (M.D. Ala. 2021); *United States v. Powell*, No. 2:19CR139-MHT, 2021 WL 5225615, at *1 (M.D. Ala. Nov. 9, 2021).  Accordingly,

2

the court will order that a comprehensive evaluation of all of the above be conducted locally by Dr. Adriana Flores, Ph.D., of Decatur, Georgia.

To determine the sentence appropriate to a particular defendant, 18 U.S.C. § 3553(a) requires a court to consider the factors set forth in that statutory section.  The court seeks this evaluation in large part so that it can develop a sentence that will "protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C), and will "afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B).  The evaluation may also be relevant to the court's consideration of "'the nature and circumstances of the offense and the history and characteristics of the defendant.'"  *United States v. Carter*, -- F. Supp. 3d ---, 2020 WL 7312182, at *6 (M.D. Ala. Dec. 11, 2020) (quoting 18 U.S.C. § 3553(a)(1)).  Inquiry into these issues is also "appropriate under § 3553(a)(5)," which refers to any

3

pertinent policy statements of the United States Sentencing Commission, because the Commission "has explained in a policy statement that '[m]ental and emotional conditions' that are 'present to an unusual degree' are mitigating factors in determining a defendant's sentence." *Id.* (quoting U.S.S.G. § 5H1.3). And finally, an evaluation of the defendant's particular treatment needs and the underlying causes of such individual's mental condition may be necessary for the court to consider how it can provide the defendant "with critical care and treatment in the most effective manner," as instructed by 18 U.S.C. § 3553(a)(2)(D). *Id.* Dr. Flores should consider all of these factors in making the recommendations included in her report.

***

Accordingly, pursuant to 18 U.S.C. § 3552(b), it is ORDERED that:

(1) A comprehensive mental-health evaluation of the above-named defendant shall be conducted locally by Dr.

4

Adriana Flores, and shall address the issues discussed above. Dr. Flores should also provide specific recommendations for appropriate treatment and other services, both during incarceration and while on supervised release, to address any problems identified by the evaluation and help the defendant avoid future incidents of domestic violence and to become a productive and law-abiding citizen.

    (2) The U.S. Probation Office shall provide a copy of this order and the defendant's presentence investigation report to Dr. Flores, and shall provide other documents regarding the defendant to Dr. Flores upon request. The U.S. Probation Office shall inform Dr. Flores how to arrange for the evaluation of the defendant, and, if she faces difficulty in making such arrangements, shall facilitate arrangements for the evaluation.

    (3) Dr. Flores shall provide a report of the evaluation to the U.S. Probation Office on or before

July 8, 2022, for filing with the court under seal.  If Dr. Flores requires additional time, she should make a written request to the court through the U.S. Probation Office.

(4) Upon completion of the evaluation, Dr. Flores shall submit her bill to the U.S. Probation Office for processing.

DONE, this the 25th day of May, 2022.

                                          /s/ Myron H. Thompson
                                      UNITED STATES DISTRICT JUDGE