IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )         2:21cr181-MHT
                            )              (WO)
ALTWANA JAMAL SAVAGE        )
```

ORDER

As the court previously noted in this case, having received the presentence report specified in 18 U.S.C. § 3552(a), the court requires additional information before determining the sentence that should be imposed in this case. *See* Order (Doc. 74). In such circumstances, 18 U.S.C. § 3552(b) permits a sentencing court to order a "study of the defendant" by a qualified consultant addressing matters specified by the court that are "pertinent to the factors set forth in section 3553(a)," which in turn describes the factors to be considered in imposing a sentence. 18 U.S.C. § 3552(b); *see also* 18 U.S.C. § 3553(a).

The court requires additional information about defendant Altwana Jamal Savage's mental condition and

mental-health history. The court previously ordered a comprehensive mental-health evaluation addressing all aspects of the defendant's mental condition, including, but not limited to, whether the defendant has any cognitive impairments, whether he has any mental illnesses or substance-abuse disorders, whether he suffered any adverse childhood experiences (ACEs), and whether ACEs contributed to any present mental conditions or behaviors. The court also specifically requested information regarding his history of domestic violence: whether it is related to any mental-health disorders and/or adverse childhood experiences (ACEs), what triggers him to become violent, and what specific types of treatment, other services, and/or conditions of supervision are recommended to address it and to prevent future incidents of violence. *See generally United States v. Henderson*, 541 F. Supp. 3d 1312 (M.D. Ala. 2021) (Thompson, J.); *United States v. Powell*, No.

2

2:19cr139-MHT, 2021 WL 5225615, at *1 (M.D. Ala. Nov. 9, 2021) (Thompson, J.).

Dr. Carla Stover completed the ordered evaluation and submitted her report. In that report, she recommended that defendant Savage receive a psychiatric evaluation to determine whether medications could help with his symptoms and functioning. Stover Report (Doc. 79) at 6. The court now orders that such a psychiatric evaluation be completed by Dr. Bhushan S. Agharkar, M.D., of Atlanta, Georgia.

To determine the sentence appropriate to a particular defendant, 18 U.S.C. § 3553(a) requires a court to consider the factors set forth in that statutory section. The court seeks this evaluation in large part so that it can develop a sentence that will "protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C). The evaluation may also be relevant to the court's consideration of "'the nature and circumstances of the offense and the

3

history and characteristics of the defendant.'" *United States v. Carter*, 506 F. Supp. 3d 1204, 1212 (M.D. Ala. 2020) (Thompson, J.) (quoting 18 U.S.C. § 3553(a)(1)). Inquiry into these issues is also "appropriate under § 3553(a)(5)," which refers to any pertinent policy statements of the United States Sentencing Commission, because the Commission "has explained in a policy statement that '[m]ental and emotional conditions' that are 'present to an unusual degree' are mitigating factors in determining a defendant's sentence." *Id.* (quoting U.S. Sentencing Guidelines Manual § 5H1.3 (U.S. Sentencing Comm'n 2018)). And finally, an evaluation of the defendant's particular treatment needs and the underlying causes of such individual's mental condition may be necessary for the court to consider how it can provide the defendant "with critical care and treatment in the most effective manner," as instructed by 18 U.S.C. § 3553(a)(2)(D). *Id.*

4

\*\*\*

Accordingly, pursuant to 18 U.S.C. § 3552(b), it is ORDERED that:

(1) A psychiatric evaluation shall be conducted locally by Dr. Bhushan S. Agharkar, M.D.  Dr. Agharkar should provide specific recommendations for appropriate medication treatment, both during incarceration and while on supervised release, to address any problems identified by Dr. Stover's evaluation and to help the defendant avoid future incidents of domestic violence and to become a productive and law-abiding citizen. (To the extent medications are recommended by name rather than type, it would be best to recommend medications that are likely to be available in a carceral setting or from a public mental health agency, as opposed to high-cost medications.)

(2) The U.S. Probation Office shall provide a copy of this order, the defendant's presentence investigation report, and Dr. Stover's report to Dr.

5

Agharkar, and shall provide other documents regarding the defendant to him upon request.

(3) Dr. Agharkar shall provide a report of the evaluation to the U.S. Probation Office on or before November 30, 2022, for filing with the court under seal. If Dr. Agharkar requires additional time, he should make a written request to the court through the U.S. Probation Office.

(4) Upon completion of the evaluation, Dr. Agharkar shall submit his bill to the U.S. Probation Office for processing.

DONE, this the 26th day of October, 2022.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**