IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )   CRIMINAL ACTION NO.
     v.                     )       2:21cr181-MHT
                            )           (WO)
ALTWANA JAMAL SAVAGE        )
```

OPINION AND ORDER

Defendant Altwana Jamal Savage pled guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). His sentencing was paused to determine whether he was competent to proceed, and an evaluator opined that he was not competent. The court found him incompetent to proceed and committed him to the custody of the Bureau of Prisons (BOP) for determination as to whether he could be restored to competency. On September 28, 2023, after the BOP filed a certification that he is competent to proceed, the court held a hearing on the record. Based on the evidence in the record and the testimony presented at that hearing, the court made an oral finding, by a preponderance of the evidence, that Savage "has recovered to such an extent that he is able

to understand the nature and consequences of the proceedings against him and to assist properly in his defense." 18 U.S.C. § 4241(e). Accordingly, and with the advance agreement of the parties, the court proceeded to sentencing. The court now enters this opinion and order to explain and memorialize its oral finding that Savage was restored to competency.

### A. Background

As noted above, Savage pled guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). Sentencing began on April 25, 2022. At that hearing, based on the court's perception of Savage and his criminal history, the court continued sentencing to have him psychologically evaluated for the purpose of determining an appropriate sentence. The evaluation, which was received on August 15, 2022, recommended that Savage's IQ and learning ability be assessed. *See* Psychological Report by Dr. Carla Smith Stover (Doc. 79). Thereafter, the court ordered that assessment, and Savage

was diagnosed with having mild intellectual disability based on a full scale IQ of 62.  *See* Psychological Report by Dr. Kale Kirkland (Doc. 85).  In light of that report, the court ordered Dr. Kale Kirkland to conduct a follow-up evaluation of Savage's competency to proceed.  Dr. Kirkland filed the report on November 30, 2022.  *See* Psychological Report by Kale Kirkland (Doc. 91).  He found that Savage "does not possess an adequate factual understanding of the legal proceedings against him," *id.* at 6, and that Savage "is not capable of adequately assisting in his own defense" in light of his intellectual deficits, *id.* at 7.

The court then held a competency hearing on December 8, 2022, where Dr. Kirkland was the sole witness, and further explained that he believed Savage was capable of attaining competency if he were provided with education-based restoration treatment.  There were no other conflicting reports from experts as to Savage's competency.

In an order entered on December 13, 2022, the court found by a preponderance of the evidence that Savage was not competent to proceed at that time, see *United States v. Savage*, No. 2:21cr181-MHT (Doc. 96), 2022 WL 17604407 (M.D. Ala. Dec. 13, 2022), and, pursuant to 18 U.S.C. § 4241(d)(1), committed Savage to the custody of the Attorney General for a reasonable period of time, not to exceed four months from the date of his admission to the appropriate federal mental-health facility, for the BOP to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed.  *See id*.  Unfortunately, it took until March 27, 2023, for Savage to arrive at the BOP.

On July 27, 2023, the court received from the BOP a "Certification of Restoration of Competency to Stand Trial" asserting that Savage was now competent to proceed.  The court thereafter received a forensic psychological evaluation explaining the Bureau's conclusion.  *See* BOP Evaluation (Doc. 99).

4

### *B. Findings*

The BOP psychologist, Dr. Kristen M. McDaniel, Psy. D., found that Savage has a full scale IQ of 65, just slightly higher than Dr. Kirkland's result. However, Dr. McDaniel rejected the diagnosis of mild intellectual disability and instead diagnosed him with borderline intellectual functioning. She explained that the "long-term observation of his behavior at th[e] facility was not suggestive of cognitive impairment, as he did not demonstrate deficits in adaptive functioning including communication, social participation, and independent living that result in failure to meet the developmental and sociocultural standards for personal independence and social responsibility." BOP Evaluation (Doc. 99) at 18. She further explained that, prior to arrest, Savage did not require support or ongoing assistance with household tasks or money management, and that he displayed the ability "to independently meet his self-care needs throughout the evaluation period and communicated

5

appropriately with medical staff to have his concerns addressed." *Id*. at 19. Because "deficits in adaptive functioning are required for a diagnosis of intellectual disability," she concluded that borderline intellectual functioning better explained his clinical presentation. *Id*.

In the report, Dr. McDaniels noted that Savage participated in competency-restoration groups three days per week during the evaluation period, and completed two different competency tests. Based on his performance in the groups and on the tests, she found "no evidence to indicate that the defendant suffers from a mental disorder that would substantially impair his present ability to understand the nature and consequences of the proceedings against him, or substantially impair his ability to assist counsel in his defense." *Id.* at 21. Despite his borderline intellectual functioning, she opined, Savage is "able to understand and learn different legal concepts ... [and] demonstrated a sufficient ability to understand the nature and consequences of the

6

court proceedings against him, and an adequate ability to properly assist counsel in his defense." *Id*.  She thus concluded that Savage is competent to proceed and can be returned to court for resolution of his legal case. *Id*.

While Dr. McDaniels's evaluation was somewhat at odds with the earlier evaluation by Dr. Kirkland, the court found her evaluation more persuasive in that she had months of observation of Savage and therefore had a better opportunity to assess his adaptive functioning.

\*\*\*

Accordingly, as orally found on the record on September 28, 2023, based on all evidence in the record, including all prior evaluations, and by a preponderance of the evidence, it is ORDERED and DECLARED that defendant Altwana Jamal Savage "has recovered to such an extent that he is able to understand the nature and

consequences of the proceedings against him and to assist properly in his defense."  18 U.S.C. § 4241(e).

DONE, this the 17th day of October, 2023.

                                           /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**