```
    IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

      MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


 UNITED STATES OF AMERICA    )
                             )    CRIMINAL ACTION NO.
       v.                    )       2:21cr181-MHT
                             )            (WO)
 ALTWANA JAMAL SAVAGE        )
```

## REVOCATION JUDGMENT

This matter is before the court on the revocation petition, as amended (Doc. 153), which charges defendant Altwana Jamal Savage with violating several conditions of his supervised release. The petition alleges that Savage failed to maintain required contact with his probation officer for over a month beginning in October 2025; failed to notify his probation officer of his change in address as required; was arrested on November 5, 2025, on state charges relating to noncompliance with the terms of his state probation; failed to attend required mental-health treatment on November 1 and 15, 2025; and failed to report to his probation officer for mandatory drug screening on November 18 and 20, 2025.

Based on the representations made in the parties' joint motion to impose judgment without a final revocation hearing (Doc. 163), in the status report filed by the supervising probation officer (Doc. 165), and on the record during the videoconference on December 18, 2025, including that Savage waives his right to a final revocation hearing; after considering the factors outlined in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), *see* 18 U.S.C. § 3583(e); and with the agreement of the parties and the supervising probation officer, it is ORDERED that:

(1) The joint motion to impose judgment (Doc. 163) without a final revocation hearing is granted.

(2) The amended petition to revoke supervised release (Doc. 153) is granted, and defendant Altwana Jamal Savage's term of supervised release is revoked.

(3) Defendant Savage is sentenced to time served (26 days, including time in both state and federal custody), with 12 months of supervised release to follow.

(4) The conditions of supervised release that were in effect immediately prior to this revocation remain in effect.  In addition, the court imposes the following condition of supervised release:

> Defendant Altwana Jamal Savage shall serve a combined total of four weekends at a jail facility to be designated by the Federal Bureau of Prisons.  The supervising probation officer shall determine when defendant Savage is to begin serving his weekends in jail and has the authority to delay one or more weekends in jail to accommodate defendant Savage's work schedule as long as he serves a total of four weekends in jail.  Defendant Savage shall surrender for service of this term each Friday no later than 6:00 p.m. and shall be released each Sunday at 6:00 p.m. Failure to report on time for service of this

sentence each weekend will be considered a violation of supervision and will subject him to further penalties, which may include revocation of supervision.

(5) Because of defendant Savage's documented intellectual impairment, both the supervising probation officer and defense counsel are to (a) do all they reasonably can to help ensure that defendant Savage attends his mental-health treatment and (b) repeatedly remind him that he cannot possess a firearm.

It is further ORDERED that:

(1) Another in-person status conference is set for June 10, 2026, at 9:00 a.m., in the Frank M. Johnson Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama, to discuss how defendant Savage is faring on supervised release. Defendant Savage is to be present.

(2) Three business days before the status conference, defense counsel and the supervising probation

officer are to file reports on how defendant Savage is faring.

DONE, this the 19th day of December, 2025.

                                              /s/ Myron H. Thompson
                                        UNITED STATES DISTRICT JUDGE